**SO ORDERED.**

**SIGNED this 28 day of September, 2011.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 10-40557- JTL |
| GOLDEN GROVE PECAN FARM, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |
| | ) | |
| GARDNER, WILLIS, | ) | |
| SWEAT & HANDELMAN, LLP, | ) | |
| | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | Contested Matter |
| WALTER W. KELLY, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 10-40559- JTL |
| TANTE FUNERAL HOME, LLC, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| ─────────────────────────── | ) | |
| | ) | |
| GARDNER, WILLIS, | ) | |
| SWEAT & HANDELMAN, LLP, | ) | |
| | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | Contested Matter |
| WALTER W. KELLY, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| ─────────────────────────── | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 10-40560- JTL |
| LEGENDARY PERFORMANCE | ) | |
| CARS, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| ─────────────────────────── | ) | |
| | ) | |
| GARDNER, WILLIS, | ) | |
| SWEAT & HANDELMAN, LLP | ) | |
| | ) | |
| | ) | |
| Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | Contested Matter |
| WALTER W. KELLY, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Respondent. | ) | |
| ─────────────────────────── | ) | |

**Memorandum Opinion**

This matter comes before the Court on Gardner, Willis, Sweat & Handelman, LLP's ("Gardner Willis") Motion to Quash Trustee's Subpoena for Production of Documentary Evidence Under Bankruptcy Rules 2004(c) and 9016 and on Gardner Willis's objection to the related Trustee's Motion for Bankruptcy Rule 2004 Examination and for Production of Documents Pursuant to Bankruptcy Rule 2004 and Bankruptcy Rule 9016. Identical motions and objections were also filed in In re Tante Funeral Home, LLC, case number 10-40559, and in In re Legendary Performance Cars, case number 10-40560. The Court heard oral arguments on September 19, 2011. At the conclusion of the hearing, the Court took the matter under advisement and permitted the parties to file letter briefs. For the reasons set forth below, the Court will deny Gardner Willis's motions to quash and overrule its objections, and the Court will order that the Rule 2004 examination take place at Gardner Willis's place of business and that that trustee incur the costs of copying documents.

**Background**

The law firm of Gardner Willis is the former counsel of Golden Grove Pecan Farm. The firm also represented the owners of the debtor, Michael and Phyllis Bleckley, who are not debtors in this bankruptcy case, and several other nondebtor business entities owned and operated by the Bleckleys. These entities include Angular Market Analysis, Inc.; Bleckley, Inc.; MKB Capital Management, Inc.; MKB Construction and Management, Inc.; MKB Aviation, LLC.; and Michelle's of Stewart County, Inc. The Bleckleys also owned and operated Tante Funeral Home and Legendary Performance

Cars, but it is unclear from the pleadings whether Gardner Willis is a former counsel of those entities.

Between April 2007 and January 2008, the firm provided services to the Bleckleys and nondebtor entities MKB Capital Management and Angular Market Analysis. Those services were provided under the firm's client matter number 5735-7. Sometime after that representation ended, the Bleckleys were arrested on charges arising from their operation of MKB Capital Management and Angular Market Analysis. Some of the other businesses were subsequently placed into receivership, which ultimately resulted in bankruptcy filings. After the Bleckley's arrest, Gardner Willis provided services to the Bleckleys and the businesses they owned/operated (including the debtor) under client matter number 5735-8.

The trustee, essentially, seeks without exception production of all documents contained in client matter numbers 5735-7 and 5735-8, and he seeks an examination of Mark Pickett, an attorney employed by Gardner Willis. Supporting his motions for Rule 2004 examination and for production of documents, the trustee produced a written agreement between the Bleckleys and himself stating that the Bleckleys waived any attorney-client privilege "that might be asserted by the debtor entities" and "with reference to the law firm of Gardner, Willis, Sweat & Handelman, LLP and any privilege existing between them and accountants." Gardner Willis has agreed to produce all documents contained in the file under client matter number 5735-8 and to produce all client receipts and disbursements, all escrow account activity, and all attorney billing entries for both client matter numbers 5735-7 and 5735-8. The firm objects to producing certain other documents under client matter number 5735-7 on the grounds that the

nondebtor entities are not appropriate targets of a Rule 2004 examination and on the grounds that the documents sought are protected by attorney-client privilege as to the nondebtor entities (which the Bleckleys did not waive in the original agreement) and are protected as attorney work-product. Gardner Willis also objects to the production of the documents as being unduly burdensome.

In response, the trustee filed an addendum to the above-reference agreement between the trustee and the Bleckleys. In this addendum the Bleckleys broadly waive any attorney-client privilege that may be asserted by entities they own and operate, and they vest in the trustee "the absolute right to assert or waive such privilege on behalf of such entities with respect to any attorney or law firm, known or unknown." Gardner Willis does not dispute the authenticity of this waiver.

## Conclusions of Law

### I.     Attorney-Client Privilege and Examination of Nondebtors

The Bleckley's broad waiver of attorney-client privilege and their vesting in the trustee any rights to assert or waive the attorney-client privilege render moot Gardner Willis's argument that the attorney-client privilege applies. Moreover, Gardner Willis's contention that nondebtor entities are not proper targets of a Rule 2004 examination is contradicted by the language of Rule 2004(a), which states, "On motion of any party in interest, the court may order the examination of *any entity*."[1] (emphasis added) Rule 2004(c) further states, "The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016." Thus

---

[1] Section 101(15) of the Bankruptcy Code defines "entity" as a "person, estate, trust, governmental unit, and United States trustee." The definition of "person" under § 101(41) includes "individual, partnership, and corporation, …"

nondebtor entities are proper targets of Rule 2004 examinations and for subpoenas demanding the production of documents.

## II. Work-Product Immunity

The party asserting work-product immunity has the initial burden to establish that the documents in question were prepared in anticipation of litigation. See, e.g., In re Tri State Outdoor Media Group, Inc., 283 B.R. 358, 363 (Bankr. M.D. Ga. 2002) (Laney, J.); See also Fed. R. Civ. P. 45(d)(2) (applicable to bankruptcy proceedings via Bankruptcy Rule 9016). The burden then shifts to the party seeking the privileged documents to demonstrate a substantial need for the work-product materials. See, e.g., In re Tri State Outdoor Media Group, 283 B.R. at 363; see also Fed. R. Civ. P. 26(b)(3)(A).[2]

Gardner Willis made no showing, nor did they even allege, that any documents were prepared in anticipation of litigation. Therefore the Court must overrule Gardner Willis's work-product immunity objection. However, even if the firm had alleged and demonstrated that the documents were work-product, the Court would still overrule the objection.

The Court is persuaded by the reasoning in In re ANR Advance Transportation Company, Inc., 302 B.R. 607 (E.D. Wis. 2003), another case in which a Chapter 7 trustee sought documents from the debtor's former law firm and in which the law firm objected on the basis of work-product immunity. In holding that a Chapter 7 trustee could waive the work-product immunity despite the law firms' objections, the court stated,

---

[2] Federal Rule of Civil Procedure 26 applies to adversary proceedings through Bankruptcy Rule 7026. This case is a contested matter, not an adversary proceeding, and therefore strictly speaking, Federal Rule 26 does not apply. However, Federal Rule of Evidence 501 states that unless the Constitution of the United States, a federal statute, or a federal rule apply, "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." While Federal Rule 26 may not apply, it is representative of the federal common law of the work-product doctrine.

> [I]t is widely agreed that the principal justification for the doctrine is that protection of work product is necessary to preserve the adversary system of justice.
>
> The way in which the work product doctrine preserves the adversary system is by granting attorneys a zone of privacy in which to work. The doctrine creates a space in which attorneys can prepare their cases and test their ideas and theories away from the scrutiny of their adversaries. Making preparation material routinely available to adversaries could harm the adversary system by allowing attorneys' work efforts to be used against their clients, thereby demoralizing the attorneys, or causing them not to develop documents. Work product immunity also encourages attorneys to be diligent by preventing them from preparing their cases based on their adversaries' efforts and files. Since work product remains confidential, each side will be encouraged to prepare its own case, and the adversary system will function as it was designed to do, i.e., to justly resolve disputes.
>
> Thus, while work product immunity may be asserted by either the lawyer or the client, it does not serve to protect the interests of any particular individual—plaintiff, defendant *or* counsel. Rather, it is designed to benefit the adversary system itself and to produce an atmosphere in which counsel for both sides can fully prepare and present their clients' best case without the stifling self-editing that would be necessary if an attorney's work product were subject to unchecked discovery. Thus, challenges to claims of work product immunity should be evaluated with the understanding that the purpose of the immunity is to protect the adversary system. When work product immunity does not serve such purpose, there should be no immunity despite what may best serve individual interests.
>
> In the present case, I conclude that the law firms may not interpose the work product doctrine to deny the trustee access to the material he seeks. To grant the law firms work product immunity under the circumstances present here would not serve the purposes of the work product doctrine. Clients are not adversaries of their lawyers, and the zone of privacy that the work product rule protects was designed to shield lawyers from their opponents, not their clients. Thus, the doctrine has no applicability in the present context.
>
> Moreover, the effect of denying the trustee access would be to make the law firms less accountable to their client. Non-disclosure in such a situation would prevent the client from discovering whether the attorney had effectively represented it and thus undermine the work product immunity goal of encouraging effective representation of clients.

In re ANR Advance Transportation, 302 B.R. at 616-617 (footnote and citations omitted)

(emphasis in original).

### III.    Unduly Burdensome

At the September 19 hearing, counsel for Gardner Willis admitted that the amount of documents the firm possesses regarding the Bleckleys and their entities was unintentionally overstated. While the documents are, in Gardner Willis's words, "still quite voluminous," Gardner Willis is amenable to an examination and production of documents at their place of business, with the trustee paying for copying of documents. The Court will order that the Rule 2004 examination is to take place at Gardner Willis's place of business and that the Chapter 7 trustee must pay for the costs of copying documents.

### Conclusion

The Court will deny Gardner Willis's motion to quash and overrule its objection. The Chapter 7 trustee, however, must conduct the Rule 2004 examination at Gardner Willis's place of business and pay the costs of copying documents. An order in accordance with this memorandum opinion will be entered.